United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT W. COPPLE, et al.,

    Plaintiff,

v.

ASTRELLA & RICE, P.C., et al.

    Defendants.

No. C 05-3961 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 9, 2006, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court tentatively DENIES Defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(1), tentatively GRANTS Defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) and RESERVES RULING on whether to grant Plaintiff leave to amend his complaint. The Court tentatively GRANTS in part and DENIES in part Defendants' requests for judicial notice. The

Court tentatively GRANTS Plaintiff's request for judicial notice. The Court RESERVES RULING on Defendants' motion for Rule 11 sanctions.

The parties shall each have 15 minutes to address the following questions:

1. There is an outstanding Order to Show Cause in this case, which was issued March 28, 2006. The Order specifically stated that Plaintiff was to file a written response no later than April 14, 2006, explaining "why this case should not be dismissed without prejudice for failure to serve the Defendants within the time period provided by Fed.R.Civ.P. 4(m) and the additional time granted by the Court." (OSC at 1-2.) Did Plaintiff serve Defendants with his initial complaint? If so, when did this occur? Why did Plaintiff not comply with the Court's Order to submit a written response?

2. What is Plaintiff's response to Defendants' assertion on reply that he lacks standing to bring this claim?

3. Plaintiff contends the Court has jurisdiction because he alleges extrinsic fraud, relying on *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004) ("*Rooker-Feldman* . . . does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court . . . ."). The Ninth Circuit has held that "a jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotations and citations omitted). Assuming Plaintiff sufficiently alleges extrinsic fraud, what is Defendants' best argument that the issue of jurisdiction and the merits of this case are not intertwined?

4. Plaintiff contends his Complaint meets the standard for pleading under Fed.R.Civ.P. 8(a). Does Plaintiff have any authority to support the assertion that the pleading standards for his claim are governed by Fed.R.Civ.P. 8(a)? *Cf. Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990 (9th Cir. 2006) (noting that where the object of an alleged conspiracy is fraudulent, "Rule 9(b) of the Federal Rules of Civil Procedure

2

requires plaintiffs to plead fraud with particularity"). Do Defendants contend that Plaintiff's allegations are insufficient under either Rule 8(a) or Rule 9(b)?

5. How does Plaintiff distinguish his conspiracy allegations, set forth in paragraphs 38 and 41 of the Complaint, from allegations that were held to be insufficient in *Schucker v. Rockwood*, 846 F.2d 1202, 1204-05 (9th Cir. 1988) (holding that conclusory allegations of a judge conspiring with lawyers is "insufficient to support his § 1983 claim"); *Branson v. Nott*, 62 F.3d 287, 290-91 (9th Cir. 1994) (holding that Branson's claims that a judge conspired with attorneys to ignore his arguments and dismiss his case were an impermissible collateral attack on the prior state court decision); and *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) ( "mere allegations of joint action or a conspiracy [with a judge] do not demonstrate that the [attorney] defendants acted under color of state law . . .")?

6. Plaintiff alleges that Defendants' actions in the state court proceedings violated his civil rights under 42 U.S.C. § 1983. Of what specific federal right was Plaintiff deprived?

7. Defendants contend that the record of the state court proceedings, attached to their Requests for Judicial Notice, contradict Plaintiff's allegations of a conspiracy. What is Plaintiff's response to this assertion?

8. If the Court grants the motion to dismiss with leave to amend, what additional facts would Plaintiff plead to show the existence of a conspiracy or extrinsic fraud?

9. What is Plaintiff's best argument that he had a good faith basis for his claims that would render Rule 11 sanctions against him inappropriate? If the Court were to grant sanctions, against whom specifically should they be imposed? For what time period are Defendants seeking sanctions?

10. Are there any other issues the parties wish to address?

Dated: June 7, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3