IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. COPPLE, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASTRELLA & RICE, P.C., et al.,<br><br>Defendants. | No. C 05-3961 JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to dismiss the First Amended Complaint ("FAC") filed by Astrella & Rice, P.C., Baker, Burton & Lundy, P.C., Engstrom, Lipscomp & Lack, Girardi & Keese, J. Tynan Kelly, Kiesel, Boucher & Larson, LLP, Lieff, Cabraser, Heimann & Bernstein, LLP, M. Brian McMahon, O'Donnell & Schaeffer, LLP, Michael J. Ponce, Francis O. Scarpulla, and Douglas A. Stacey (collectively "Attorney Defendants") (1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court are requests for judicial notice filed by both parties.

Having reviewed the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS Defendants' motion to

dismiss, GRANTS in part and DENIES in part Defendants' requests for judicial notice, and GRANTS Plaintiff's request for judicial notice.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Robert W. Copple ("Copple") brings this putative class action under 42 U.S.C. § 1983 alleging that the "Attorney Defendants entered into and implemented a conspiracy with a public official to commit and to preserve and cover up, an extrinsic fraud that would allow, and in fact did allow, Attorney Defendants to obtain for their own account $23 million or more in excess of any amount to which Attorney Defendants might properly have been entitled under applicable law," as part of a class action settlement in *In re Natural Gas Antitrust Cases I, II, III & IV*, Superior Court of the State of California, County of San Diego, J.C.C.P. Nos. 4221, 4224, 4226 & 4228 (hereinafter "the *Natural Gas* proceedings"). (FAC, ¶¶ 20, 22(a).)[1]

More specifically, Copple alleges that Judge Haden preliminarily approved the settlement and the form notice, which provided that "the law firms representing the class would apply to the court for attorney's fees and expenses in an amount that was unspecified but that was not to exceed $60 million." (FAC, ¶ 30(a).) The notice also stated that the attorneys' fees were to be "deducted from the consideration being provided" to the class. (*Id.*, ¶ 30(b).) According to Copple, the notice also advised class members to file any objections, exclusions or requests to speak at the fairness hearing with the Clerk of the San Diego Superior Court. (*Id.*, ¶ 30(c)-(d).) The notice provided a physical address at which objections were to be filed and did not state that any objections were required to be filed electronically. (*Id.*, ¶¶ 30(e), 31.)

Copple further alleges that the Attorney Defendants filed a motion for fees and costs in the amount of $60 million. (*Id.*, ¶ 32.) Copple also alleges that one class member, Ernest M. Thayer ("Thayer"), filed an objection asserting that the attorneys' fees requested were far beyond what was authorized under California law. (*Id.*, ¶ 34.) Copple asserts that the Attorney Defendants and Judge Haden conspired and agreed to direct class members to file objections and oppositions with the clerk's office and agreed to "treat as a nullity whatever opposition or

---

[1] The public official is alleged to be the Honorable J. Richard Haden ("Judge Haden"), the presiding judge in the *Natural Gas* proceedings. Judge Haden is not named as a defendant in this action.

2

objections they chose that were filed with the clerk's office rather than electronically." (*Id.*, ¶ 37(a)-(b).) The only objection specifically mentioned in the FAC alleged not to have been considered by Judge Haden is Thayer's objection.

On or about December 10, 2003, Judge Haden approved the settlement and overruled Thayer's and other class members' objections and awarded the Attorney Defendants the entire $60 million requested. Copple alleges that while "no California appellate court has ever approved the application to a lodestar of a multiplier greater than two," Judge Haden's fee award reflected multipliers between three and four times what the Attorney Defendants professed their lodestar amount to be. (*Id.* ¶ 35; *See also* Defendants' Request for Judicial Notice ("Defs. RJN") Ex. C at 14, Ex. D at 9.) Thus, Copple asserts that the Attorney Defendants and Judge Haden conspired and agreed to "provide Attorney Defendants with an award of fees and costs, taken from monies that would otherwise belong to the class, in an amount much greater than that allowed by California law." (FAC, ¶ 37(c).) The record further establishes that Thayer appealed the fee award, but his appeal was dismissed on procedural grounds. (Defs. RJN, Exs. E-G.)

On or about September 7, 2004, the Attorney Defendants filed a motion before Judge Haden to have Thayer declared a vexatious litigant. (FAC, ¶ 36.) Judge Haden granted the motion, and Thayer successfully appealed. (*Id.*; *see also* Defs. RJN, Ex. A.) Copple alleges that these facts show that the Attorney Defendants conspired with Judge Haden to "take whatever steps might appear necessary to harass, discredit and/or block the efforts of, any member of the settlement class ... who had filed meritorious opposition or objections with the clerk's office, rather than electronically, in order to minimize the possibility that any such member of the settlement class might be able to successfully challenge the abovementioned award of fees and costs." (FAC, ¶ 37(d).)

Copple also alleges that the Attorney Defendants and Judge Haden conspired and agreed to "minimize the possibility that any member of the settlement class ... who had not objected to the ... award of fees and costs might subsequently discover that the process leading to that award had not been legitimate." (*Id.*, ¶ 37(e).) According to Copple, the alleged conspiracy violated

3

his civil rights and the civil rights of the putative class in this case, which is defined to be the *Natural Gas* settlement class, by depriving them of their pro rata share of approximately $23 million. (*Id.*, ¶¶ 22(c)-(d), 42-43.) At oral argument, in response to the Court's question, Copple asserted that he was deprived of his constitutional right of access to the courts. (*See* 6/9/06 Tr. at 33:5-10.)

It is undisputed that Copple did not file an objection to the settlement in the *Natural Gas* proceedings, did not appear at the hearing to raise an objection, and did not file a direct appeal of the fee award. Copple alleges he did not do so because he did not discover and "could not have discovered" the existence of the alleged conspiracy, "until on or after early September, 2005," when he was advised by Thayer that Thayer had been declared a vexatious litigant by Judge Haden. (FAC, ¶ 41.) Copple alleges that because he strongly believed "Mr. Thayer to be an ethical attorney," he had doubts about the integrity and legitimacy of the settlement process in the *Natural Gas* proceedings and undertook an investigation of the circumstances leading to that award. (*Id.*)

On September 29, 2005, Copple, through Thayer, filed the initial complaint. On March 31, 2006, Copple through new counsel, Joseph Wood filed the FAC.

On April 12, 2006, the Attorney Defendants filed their motion to dismiss.

**ANALYSIS**

**A.      Legal Standards.**

A party moving to dismiss under Rule 12(b)(1) may make a facial or a factual attack on jurisdiction. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge instead "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citation omitted); *accord Safe Air*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court "need not assume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted).

When "the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action," a jurisdictional finding of genuinely disputed facts is inappropriate. *Id.* (internal quotations and citations omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal quotation marks and citation omitted).

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The Court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under Rule 12(b)(6), dismissal with prejudice is appropriate when it is clear "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (citation omitted).

**B.     Requests for Judicial Notice.**

The Attorney Defendants request that the Court take judicial notice of various records from the *Natural Gas* proceedings, including the subsequent proceeding in which Judge Haden declared Thayer a vexatious litigant. Copple requests that the Court take judicial notice of Thayer's objection from the *Natural Gas* proceedings. The existence of court records is a proper subject of judicial notice. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). In addition, documents whose contents are referenced in a complaint and whose authenticity no party questions are a proper subject of judicial notice. *See, e.g., Branch v.*

5

*Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1123-24 (9th Cir. 2002).

The documents submitted by the Attorney Defendants are court records from the *Natural Gas* proceedings. Accordingly, their request for judicial notice is GRANTED but only in part. The Attorney Defendants also ask the Court to accept facts set forth in these records as true. Copple disputes the truth of those facts. Because the "court may not take judicial notice of a fact that is 'subject to reasonable dispute,'" that aspect of the Attorney Defendants' request for judicial notice is DENIED. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201(b)).

Copple asks the Court to take judicial notice of the objection Thayer filed in the *Natural Gas* proceedings, which bears a "filed" stamp. In taking judicial notice of a court document, this Court "may do so not for the truth of the facts recited therein, but for the existence of the [document], which is not subject to reasonable dispute over its authenticity." *Id.* at 690 (internal quotations and citation omitted). The Attorney Defendants do not dispute the existence or authenticity of Thayer's objection, nor do they dispute the fact that it was filed. Accordingly, the Court GRANTS Copple's request for judicial notice.

## C.     The FAC Shall Be Dismissed With Prejudice.

The Attorney Defendants argue that the Court does not have subject matter jurisdiction over Copple's claim because it is barred by the *Rooker-Feldman*[2] doctrine, which "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citation omitted); *see also Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) (dismissing for lack of jurisdiction where Section 1983 claim amounted "to nothing more than an impermissible collateral attack on prior state court decisions") (citing *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987).

In *Kougasian*, the Ninth Circuit explained the scope of the *Rooker-Feldman* doctrine:

---

[2]     *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction. ... *Rooker-Feldman* thus applies only when the federal plaintiff both asserts as [an] injury legal error or errors by the state court *and* seeks as [a] remedy relief from the state court judgment.

*Id.* at 1140 (emphasis in original) (citation omitted).

The Attorney Defendants argue that because Copple alleges that Judge Haden deviated from the appropriate legal standard in awarding fees, and because Copple seeks to obtain for the putative class a pro rata share of that allegedly excessive fee award, Copple's claim is nothing more than a de facto appeal of the fee award in the *Natural Gas* proceedings. If the Attorney Defendants' position is correct, the Court would not have jurisdiction under *Rooker-Feldman*. Copple counters that the Attorney Defendants, through the alleged conspiracy, committed an "extrinsic fraud" and contends that he seeks redress from that legal wrong.[3] If Copple's position is correct, then under the reasoning articulated in *Kougasian*, the *Rooker-Feldman* doctrine would not bar his claim. Although the Court believes that the allegations in the FAC are no more than an artful attempt to plead around the *Rooker-Feldman* bar, assuming the Court has jurisdiction, dismissal with prejudice is appropriate.[4]

Copple asserts a claim under 42 U.S.C. § 1983 ("Section 1983"), which provides a means of redress to individuals who have been deprived of federal constitutional or federal statutory rights by persons acting under color of state law. 42 U.S.C. § 1983; *West v. Atkins*,

---

[3] The parties dispute whether the pleading standards of Rule 9(b) apply to the claim of extrinsic fraud. The Court does not need to resolve that dispute, because under the more liberal pleading standards of Rule 8(a), Copple has sufficiently alleged the existence of a conspiracy.

[4] This opinion is bolstered by Mr. Thayer's statement that, "I ... extensively researched the issue of what was required to state a valid claim for relief, under the circumstances of apparent improper collusion here presented, pursuant to 48 U.S.C. § 1983. That research led me to the following legal opinions ... and in particular *Kimes v. Stone* - a case factually almost identical to the present one." (Declaration of Ernest Thayer in Support of Plaintiff's Response to Defendants' Submission Pursuant to Civil Local Rule 54-6(b), ¶ 2(c)(1).)

7

487 U.S. 42, 48 (1988). In this case, the Attorney Defendants are private parties, and, generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). The Supreme Court however, has noted that if engaged jointly with state officials with respect to a challenged action, private persons are acting under color of law for Section 1983 purposes. *Dennis v. Sparks*, 449 U.S. 24, 28; *see also Price*, 939 F.2d at 708 (noting that "a person may become a state actor by conspiring with a state official" but that "'merely resorting to the courts ... does not make a party a co-conspirator or a joint actor with the judge'") (quoting *Dennis*, 449 U.S. at 28).

Here, Copple alleges that Judge Haden and the Attorney Defendants conspired and agreed to treat the objection filed by Thayer as a nullity so that Judge Haden could award them the full $60 million requested. Copple also attempts to show the existence of a conspiracy by relying on the fact that the Attorney Defendants moved to declare him a vexatious litigant, and that Judge Haden granted the motion. Copple heavily relies on *Kimes,, supra*, to support his position. With one critical distinction, the *Kimes* case does involve facts similar to the allegations made in this case.

In *Kimes*, the plaintiff alleged that a group of attorney defendants conspired with a state court judge by entering into a private extra-judicial agreement to transfer a case from one judge to the judge that allegedly was part of the conspiracy. That transfer allegedly resulted in a ruling that was fraudulent, without jurisdiction, and which allegedly deprived the plaintiff of a property interest in an estate. *Kimes*, 84 F.3d at 1124-1125. The Ninth Circuit reversed the trial court dismissal of the attorney defendants in that case. What distinguishes *Kimes* from this case is that, there, the plaintiff attached to the complaint a letter between the attorney defendants which circulated a ruling that purportedly was to have been drafted by the transferee judge and which was substantially similar to the ruling ultimately issued by the judge. *Kimes*, 84 F.3d at 1125.

Here, the FAC is devoid of any facts supporting the existence of an agreement between Judge Haden and the Attorney Defendants to engage in this conduct, nor do the facts plead reasonably support the inference of an agreement. When pressed at oral argument as to what facts existed that supported the inference of a conspiracy, the only additional fact Copple

brought to the attention of the Court was his belief that an ex parte chambers meeting must have occurred. (6/9/06 Tr. at 41:2-45:25.) The basis for Copple's belief was supported by nothing more than his counsel's "experience" that such meetings may occur during the course of litigation, rather than any facts that would even support an inference such a meeting had taken place during the *Natural Gas* proceedings.

A further flaw in Copple's argument is that, without evidence of an agreement, the fact that the Attorney Defendants filed and Judge Haden granted the vexatious litigant motion, is insufficient to establish one that the Attorney Defendants acted under color of state law. "[I]nvoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983' s state action requirement." *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988). In the *Schucker* case, the plaintiff, like Copple, asserted a claim under Section 1983 and alleged that a judge and a group of attorneys conspired together to violate his rights. The core of the plaintiff's allegations were that "in accepting the law firms' jurisdictional argument, in ordering him to make payments to his ex-wife in accordance with the state divorce decree, in allowing the law firms to serve an order to show cause regarding contempt arising from his failure to make the payments, and in ordering Shucker jailed for refusing to make payments, [the judge] became part of a conspiracy to deprive him of his liberty and property." *Id.* at 1204.

The Ninth Circuit affirmed the dismissal of the action with prejudice because it agreed with the district court's conclusion that "Schucker's conclusory allegations that [the judge] conspired with the law firms are insufficient to support his section 1983 claims." *See also Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (upholding dismissal of plaintiff's section 1983 claim where plaintiff had included "only accusations and conclusory allegations that the defendants conspired with [the judge] and influenced his decisions"). In this case, Copple's allegations of a conspiracy are, as in the *Shucker* case, nothing more than conclusory allegations.

Accordingly, the Court concludes he has failed to state a claim because he has not -- and cannot -- sufficiently allege the Attorney Defendants acted under the color of law.

9

## CONCLUSION

In conclusion, the Court finds that the allegations of the conspiracy that is the basis of Copple's argument of extrinsic fraud are entirely unsupported and are nothing more than an artful attempt to plead around the *Rooker-Feldman* bar. However, even assuming this case is not merely a de facto appeal of the *Natural Gas* fee award, over which the Court would not have jurisdiction, because the allegations in the FAC are insufficient to show the Attorney Defendants are state actors for purposes of Section 1983, and because Copple has not demonstrated that amendment would be anything but futile, the FAC is HEREBY DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: August 9, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE