IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT W. COPPLE, on behalf of himself
and all others similarly situated,

    Plaintiffs,

v.

ASTRELLA & RICE, P.C., et al.,

    Defendants.

No. C 05-03961 JSW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS**

## INTRODUCTION

This matter comes before the Court upon consideration the motion for sanctions filed by the Attorney Defendants in this action. Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, the Court GRANTS IN PART AND DENIES IN PART the motion.

## BACKGROUND

The factual allegations underlying this claim are set forth in the Court's Order granting the Attorney Defendants' Motion to Dismiss, issued this date, and shall not be repeated here.

On April 12, 2006, the Attorney Defendants sent a letter to Joseph M. Wood, Esq. ("Wood"), counsel for Plaintiff Robert W. Copple ("Copple"), in which they enclosed a copy of a motion for sanctions and stated that the motion would not be filed if, "within 21 days, you dismiss the First Amended Complaint with prejudice as to all named Defendants." (Declaration of Ethan P. Schulman in Support of Defendants' Motion for Sanctions, Ex. A.)

Wood and Plaintiff declined to withdraw the Complaint.

On May 4, 2006, the Attorney Defendants filed the instant motion.

## ANALYSIS

**A.  Legal Standard for a Motion for Sanctions Under Rule 11.**

Defendants move for sanctions under Federal Rule of Civil Procedure 11(b), which provides, in pertinent part, that:

> [b]y presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -- (1) it is not being presented for any improper purpose, ... (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).

Thus, "Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact', has a colorable basis in law, and is not filed for an improper purpose." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). This test is objective. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). Thus, "if an independent examination reveals 'some credible evidence' in support of a party's statements," a court can conclude a claim is well grounded in fact. *Himaka v. Buddhist Churches of America*, 917 F. Supp. 698, 710 (N.D. Cal. 1995) (citing *Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985)). In contrast, an action is "not 'warranted by law' where no 'plausible, good faith argument can be made by a competent attorney" in support of the proposition asserted." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999) (citing *Zaldivar*, 780 F.2d at 829, 833). This Court may make a finding of improper purpose after conducting its own review of the facts and the law, and "[w]here there is no legal or factual basis for a claim, improper purpose may be deduced." *Id.* at 1144.

Finally, sanctions imposed under Rule 11 shall be limited to what is sufficient to deter "repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P.

2

11(c)(2). Rule 11 sanctions may include an award for "reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.*

**B.     The Allegations in the FAC Are Frivolous and Warrant the Imposition of Sanctions.**

For the reasons set forth in this Court's Order granting the Attorney Defendants' motion to dismiss, the Court finds that Copple's claims are not "well grounded in fact." The FAC lacks any factual support for his claims of extrinsic fraud and conspiracy, and Copple has not shown that further inquiry could produce credible evidence. Additionally, Wood's admissions at oral argument indicate that Copple, Wood, and Copple's previous attorney, Thayer, failed to conduct a reasonable pre-filing investigation of these claims. Although Wood substituted in as counsel for Thayer, he filed the FAC and accordingly had a responsibility under Rule 11 to "have in hand sufficient credible information (as opposed to opinions or conclusions) from whatever source to enable *[him]* to form a reasonable belief that the allegations to which [he] put [his] signature are well-grounded in fact." *Kendrick*, 609 F. Supp. at 1172 (emphasis in original). Wood represented at oral argument that he relied on Thayer's pre-filing investigation.

Based on the record before this Court, that investigation apparently involved a review of the records of the *Natural Gas* proceedings by Mr. Thayer, after which he conducted three mock trials with respect to the claims asserted by Copple. (Declaration of Ernest M. Thayer in Support of Plaintiff's Response to Defendants' Submission Pursuant to Civil Local Rule 54-6(b), ¶¶ 2-3.) Thayer, however, has not described the presentation made to these mock juries or made any proffer as to why the records of the *Natural Gas* proceedings led him to conclude that the Attorney Defendants must have colluded with the judge in that case. Moreover, at oral argument, Wood stated that the basis for a belief that an agreement existed is an unsupported theory that the judge and the Attorney Defendants must have had an ex parte meeting after the settlement, because it is his experience that such meetings occur. (6/9/06 Tr. 41:2-45:25.) Further, Wood did not provide any evidence that would satisfy the Court that he conducted an impartial review of the case before filing the FAC and thus, the Court concludes that he lacked "sufficient credible information (as opposed to opinions or conclusions) from whatever source

3

to enable *[him]* to form a reasonable belief that the allegations" of the FAC were well grounded in fact. *Kendrick*, 609 F. Supp. at 1172 (emphasis in original). Accordingly, the Court GRANTS the Attorney Defendants' motion to the extent it seeks to impose sanctions on Wood.

The Attorney Defendants' motion for Rule 11 sanctions urges this Court to impose sanctions on Copple as well. Though a party may also be held responsible for frivolous claims, Rule 11 sanctions should only be imposed in a manner "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," and thus are discretionary. Fed. R. Civ. P. 11(c)(2). Thayer's Declaration shows that Thayer researched and formulated the claims at issue before Copple became involved in this case. Copple's Declaration states that he relied entirely upon the opinions of his attorneys in bringing this case. (Declaration of Robert W. Copple in Support of Plaintiff's Response to Defendants' Submission Pursuant to L.R. 54-6(b), ¶ 2.) It appears to this Court unlikely that Copple would have pursued this claim without the advice and encouragement of his attorneys. There is nothing in the record to suggest that Copple will pursue similarly frivolous claims on his own in the future. Accordingly, the Court DENIES the Attorney Defendants' motion to the extent it seeks to sanction Copple.

In their supplemental pleadings, the Attorney Defendants ask that the Court consider imposing sanctions on Thayer, who they claim has reasserted his position by filing the declaration describing his pre-filing investigation. The Attorney Defendants never requested that Thayer withdraw the initial complaint, and the Court DENIES the motion to the extent Attorney Defendants now seek to sanction him.

At the conclusion of the hearing on the motion to dismiss, the Court requested that the Attorney Defendants file a submission regarding the fees and costs that they had incurred and ordered them to comply with the requirements of Civil Local Rule 54-6(b). In their submission, Defendants request that the Court award them $76,403.20 in attorneys' fees and costs, which they contend is the total amount of fees and costs they have incurred since this action was filed. Of that total, only $41,926.28 were incurred after Wood entered the case.

Copple and Wood object to the Attorney Defendants' submission, in part, on the grounds that the Attorney Defendants did not comply with the meet and confer requirements of

4

Rule 54-6(b), and because their submission is not sufficiently detailed with respect to time spent on particular tasks. The Court finds these arguments to be well taken.

Therefore, the Court reserves ruling on the amount of sanctions to be imposed. The parties are ordered to meet and confer on this matter within ten (10) days of the date of this Order and as part of this process, the Attorney Defendants should be prepared to present to Wood detail of the particular tasks that were performed by each attorney involved, and the time each attorney spent on such tasks.

If the parties reach an agreement as to a sanction amount they should submit a stipulation to that effect. If the parties fail to come to an agreement, the Attorney Defendants should submit a revised declaration within twenty (20) days of this Order stating that the parties met and conferred but failed to reach an agreement. The revised submission should include for each attorney involved the tasks performed and the time spent on each particular task. Without such particularized information, the Court cannot determine that the fees proffered by the Attorney Defendants are, as they contend, reasonable under the circumstances.

**IT IS SO ORDERED.**

Dated: August 9, 2006

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE